

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00028-CR

MONTANA LEE SCHNEIDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30850

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

Montana Lee Schneider pled guilty to one count of sexual assault of a child younger than seventeen years of age, thirteen counts of sexual performance of a child younger than eighteen years of age, and sixty-six counts of possession of child pornography. *See* TEX. PENAL CODE. ANN. §§ 22.011, 43.25, 43.26 (Supp.). In Schneider's companion cause number 06-25-00029-CR, he pled guilty to one count of possession of child pornography less than 100 depictions and one count of possession of child pornography, namely a video depicting sexual assault of a child younger than eighteen years of age. *See* TEX. PENAL CODE ANN. § 43.26.

In this case, the jury assessed punishment at life imprisonment on count three (sexual assault of a child), twenty years each on counts 4 through 16 (sexual performance of a child), and ten years each on counts 17 through 82 (possession of child pornography). The trial court assessed a $10,000 fine for each count of conviction. After considering the State's motion to cumulate Schneider's punishment, the trial court ordered that the sentences on all counts in both cause numbers be served consecutively.

Schneider's trial counsel filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d

403, 406 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 1, 2025, counsel mailed to Schneider copies of the brief, the motion to withdraw, and the appellate record. Counsel informed Schneider of the right to review the record and file a pro se response. Schneider asked for, and was granted, an extension of time to file his pro se response.

We received Schneider's pro se response on September 16, 2025. We consider Schnieder's pro se response as "an informal opportunity for the indigent defendant to present what he believes are claims or issues or areas of procedural or substantive concern that arguably deserve a full merits brief by a second attorney." *In re Schulman*, 252 S.W.3d at 409 n.23. In his response, Schneider expressed his belief that there are seven such issues: (1) ineffective assistance by trial counsel; (2) ineffective assistance by appellate counsel; (3) lack of counsel, and hence ineffective assistance of counsel, at the motion for new trial stage; (4) his incompetence both to plead guilty and to stand trial; (5) abuse of discretion by the trial court; (6) prosecutorial misconduct; and (7) cumulative error.

We have reviewed the entire appellate record and Schneider's pro se response and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *In re Schulman*, 252 S.W.3d at 409.

In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Bledsoe*, 178 S.W.3d at 826–27.

3

We affirm the trial court's judgment.[1]

Jeff Rambin
Justice

Date Submitted:      October 7, 2025
Date Decided:        December 17, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. We will not appoint substitute counsel. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.